# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE       )
                                )
      v.                   )      I.D. No. 1109012491
                                )
DAVID SALASKY,          )
                                )
      Defendant.       )

Submitted: June 11, 2014
Decided: June 20, 2024

*Upon Defendant David Salasky's Motion of a Transferred Inmate to Remove the Sealment [sic] of "Protection" for Defendant to Gain Access to Case/Work File and Needed Law Materials to Pursue Post Conviction Relief Pro Se, out of Refusal of Counsel Afforded by Law*
**DENIED**

## ORDER

Andrew Vella, Esquire, Chief of Appeals, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, DE 19801, Attorney for State of Delaware.

David Salasky, SBI # 416154/T-94291, c/o Massachusetts Department of Correction @ SBCC c/o Harvard Road, P.O. Box 8000, Shirley MA 01464-8000 Defendant, *pro se.*

**WHARTON, J.**

This 20th day of June 2024 upon consideration of Defendant's David Salasky's ("Salasky"); Motion of a Transferred Inmate to Remove the Sealment [sic] of "Protection" for Defendant to Gain Access to Case/Work File and Needed Law Materials to Pursue Post Conviction Relief Pro Se, out of Refusal of Counsel Afforded by Law,[1] and the record in this matter, it appears to the Court that:

1.     In its Order in Salasky's most recent appeal, the Delaware Supreme Court summarized the procedural history of his case as follows:

> (1)     In September 2013, the appellant, David Salasky, pleaded guilty but mentally ill to two counts of first-degree murder, four counts of possession of a deadly weapon during the commission of a felony, and related offenses. In January 2014, the Superior Court sentenced Salasky to two life sentences plus a term of years.
>
> (2)     In October 2017, Salasky filed a motion for postconviction relief under Superior Court Criminal Rule 61 seeking to set aside his guilty plea. The Superior Court denied the motion in February 2018. Although the motion was untimely, the Superior Court nevertheless considered its merits and found, among other things, that Salasky's plea was made knowingly and voluntarily. Salasky did not appeal. Between March 2019 and April 2022, Salasky filed four more motions seeking to set aside his guilty plea, all of which were denied.
>
> (3)     On November 28, 2022, Salasky filed another motion to set aside his guilty plea. The Superior Court denied it, and this appeal followed.[2]

---

[1] D.I. 245.

[2] *Salasky v. State,* 2023 WL 62944987 at *1 (Del. Sep. 26, 2023).

2.      After the Delaware Supreme Court resolved that appeal, this court addressed, and denied, a series of motions Salasky filed in this Court after he filed his Notice of Appeal.[3]  First, the Court denied Salasky's Motion Seeking Removal of Protective Order Applied by the Superior Court in the Above Case in Order for Defendant to Access Remaining Case/Work File Needed to Pursue Case Relief in in [sic] Lieu of Post-Conviction Relief in Supreme Court Case # 492,2022 ("Motion to Remove Protective Order").  In that Motion, he asked the Court to release "the remaining Case/Work file and other tangible items to Mr. Salasky … to persue [sic] relief pursuant to 28 U.S.C. § 2255 and other hearings in the Superior and Supreme Court…"[4]  The items he sought were: Grand Jury indictments, rough notes, plea offers or agreements, a signed intention to appeal form, hospital records, correspondence with the prosecution, motions, orders, defense witness lists and affidavits, sworn statements and testimony.[5]  He claimed these items were being withheld from him by his former attorneys with the Public Defender's Office.[6] Further, he claimed that his former attorneys were attempting to "thwart' his attempts to obtain justice by "the issuance of a non-heard of 'protective' order'" which does not appear on the docket.[7]  Since there was nothing pending before the Court then, and since Salasky had exhausted his postconviction relief remedies

---

[3] *State v. Salasky,* 2023 WL 7105284 (Del. Super. Ct. Oct. 27, 2023).
[4] *Id.* at *1.
[5] *Id.*
[6] *Id.*
[7] *Id.*

3

under Superior Court Criminal Rule 61,[8] the Court considered the issue raised by the Motion to Remove Protective Order to be an attorney/client dispute, unsuited for the Court's intervention.

3.     Next, he moved to "withdraw counsel." In that motion, Salasky stated that there were, and had been, irreconcilable differences between him and the Public Defender's Office.[9] He wanted that office removed as his attorneys.[10] But, the Office of the Public Defender had not been representing Salasky at least since he filed his *pro se* first postconviction relief motion in 2017.[11] In reality though, that office's representation of Salasky ended when he did not appeal his plea and sentence in 2014. Therefore the Motion to Withdraw Counsel was denied as moot.[12]

4.     A third Motion for DNA was identical to a previous motion that was denied on February 24, 2022 because it failed to comply with the requirements of Rule 61, in that it was untimely and repetitive.[13] Further, the Court noted that there was no pending proceeding that would require any discovery.[14]

5.     Finally, Salasky's Motion for Murder Book asked the Court to require the State to "produce discovery kept under the guise of 'The Murder Book' or

---

[8] *Salasky,* 2023 WL 6294987, at * 1.
[9] *Salasky,* 2023 WL 7105284, at *2.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.* at *2
[14] *Id.*

'File.'"[15] He explained that the "Murder Book" or "File" is something kept by "some" police departments and includes "all witness statements, the investigation, notes, pictures, video, and audio tapes/recordings, and descriptions and materials related to the case.[16] The Motion for "Murder Book" was denied because, as with Salasky's other discovery requests, there was nothing pending before the Court that would create an entitlement to discovery.[17] But, even if Salasky were entitled to discovery, the production of a "Murder Book" or "File" as he described them would have exceeded the materials to which he would have been entitled under former Superior Court Criminal Rule 16.[18]

6.    Salasky did not appeal any of the Court's denials of those motions. Instead, he files the present motion. In it he repeats much of what his previously denied motions alleged and seeks much, if not all, of the same material. Ultimately, though, once the Court discounts Salasky's hyperbole and his *ad hominum* comments about his former lawyers, he is in the same position he was previously when the Court denied his multiple motions in October 2023 – there is nothing pending before this Court and he has exhausted his postconviction relief remedies under Superior Court Criminal Rule 61.

---

[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*

**THEREFORE,** for the reasons set forth above, Defendant David Salasky's Motion of a Transferred Inmate to Remove the Sealment [sic] of "Protection" for Defendant to Gain Access to Case/Work File and Needed Law Materials to Pursue Post Conviction Relief Pro Se, out of Refusal of Counsel Afforded by Law is **DENIED.**

**IT IS SO ORDERED.**

/s/ Ferris W. Wharton
Ferris W. Wharton, J.